Marina Lang, Cal. Bar No. 251,087 mlang@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Brian S. Tamsut, No. 322,780 btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805)-230-1355

Attorneys for Plaintiff Outer Aisle Gourmet LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| Outer Aisle Gourmet, LLC, a Delaware Limited Liability Company<br><br>   Plaintiff,<br><br>    v.<br><br>Cali'Flour Foods, LLC, a California Limited Liability Company<br>   Defendant. | Case No. 2:20-cv-8544<br><br>Complaint for:<br><br>(1) LANHAM ACT TRADE DRESS IN-FRINGEMENT [15 U.S.C. § 1125(a)(3)];<br>(2) COPYRIGHT INFRINGEMENT [17 U.S.C § 501];<br>(3) LANHAM ACT UNFAIR COMPETITION [15 U.S.C. § 1125(a)];<br>(4) UNFAIR BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200];<br>(5) FEDERAL TRADEMARK INFRINGE-MENT [15 U.S.C.§1114/ Lanham Act § 43(a)].<br><br>Demand for Jury Trial |

## NATURE OF THE ACTION

1.   Plaintiff Outer Aisle Gourmet, LLC ( "Outer Aisle" or "Plaintiff") brings this action for federal trade dress infringement, federal copyright infringement, federal unfair competition, California unfair business practices, and federal trademark in-fringement, against Cali'Flour Foods, LLC ("CF Foods" or "Defendant"). Collec-tively, Plaintiff and Defendant are called "the Parties." Plaintiff alleges upon knowledge regarding its own acts and those it has witnessed, and upon information and belief, as follows:

## A. PARTIES, JURISDICTION AND VENUE

2.   Plaintiff Outer Aisle is a Delaware Limited Liability Company, registered to do business in California, having a business address of 2879 Seaborg Avenue, Ventura, CA 93003.

3.   Defendant CF Foods is a California Limited Liability Company having its principal place of business at 1057 Village Lane, Chico, CA, 95926.

4.   This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because Plaintiff's federal claim arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*. and the Copyright Act 17 U.S. Code § 501 et seq. This Court has subject matter jurisdiction over Plaintiff's related common law of California claims under 28 U.S.C. § § 1338(b) and 1367 because the state law claims relate to claims for unfair competition.

5.   This court has personal jurisdiction over the Defendant because the Defendant does business in California and in this district by advertising and selling goods in this district or by putting goods into the stream of commerce so the goods will be sold in this district and because at least some of the infringing acts that are the subject of this complaint occurred in this state. Defendant conducts business in the jurisdiction of the United States District Court for the Central District of California by offering goods for sale in Los Angeles, Ventura and Santa Barbara counties, California that infringe Plaintiff's trade dress and copyright.

6.   Venue is proper in this district under 28 U.S.C. § § 1391(b), (c) and (e) because Defendant is a corporation and is subject to personal jurisdiction in California and, on information and belief, a substantial part of the events or omissions causing the claim occurred in this judicial district, and has caused damages to Plaintiff in this district. Defendant purposefully advertises, sells, and distributes infringing products in this district and in California. Defendant's actions within this district directly interfere with and damage Plaintiff's commercial efforts and endeavors and harms Plaintiff's

goodwill within this venue. Plaintiff also conducts substantial business within this venue.

**B. BACKGROUND**

7.   Santa Barbara, California based Outer Aisle has been innovating health-conscious foods for retail and wholesale distribution throughout the United States since 2013. They launched the nation's first cauliflower-based "sandwich thins" and cauliflower-based "pizza crust," which firmly planted their brand in global news and their products on the shelves of prominent national, natural foods and gourmet grocery store chains, such as Whole Foods, Meijer and Albertsons/Safeway. Outer Aisle creates revolutionary food products that are well known for being plant-based, gluten-free, keto-friendly, grain-free, flourless, nut free, soy free, low in calories, carbs, and fat, and loaded with nutrients but containing no artificial ingredients. Outer Aisle has earned nationwide and global recognition for re-creating America's favorite, every-day foods, from fresh vegetables and other natural simple ingredients.

8.   Outer Aisle's revolutionary cauliflower-based food products have distinctive packaging protected under federal and state trade dress and copyright law. Outer Aisle's acclaimed products are packaged in originally configured, creatively designed, visually distinctive "pouches" that feature custom color-schemes, color-blocking, designs, stylization, layout, fonts, shapes, banners, and a uniquely shaped transparent window that allow consumers to see the product in the package, for example:



9.   Because of Outer Aisle's extensive use of this distinctive trade dress on its products, and on its website and in advertising, Outer Aisle enjoys national recognition and goodwill in this trade dress. Outer Aisle's product packaging is protected under

trade dress laws with its original configuration, articulated design and inherently distinctive combination of color, shapes, stylized wording, material, texture, and illustrative elements that are inherently distinctive. Outer Aisle invested substantial resources to innovate a visually distinct, stand-out, uniquely configured, unusual, commercially impressive, product packaging, which is also registered with the United States Copyright Office. Outer Aisle's unique designs, widespread sales, and national advertising lead the public to understand that the plaintiff's trade dress signifies Outer Aisle as the source of its products. In the food industry, visual aesthetics and appearance are essential for making products distinctive and for building brand recall. The innovative trade dress of Outer Aisle's products serves to distinguish their goods from competing products of other manufacturers in the online marketplace and on the shelves of food stores.

10. Defendant CF Foods is a relative newcomer to the "cauliflower foods" market. Around mid-2016, they began their business by selling and promoting a "cauliflower pizza crust" product, which could be ordered online or found at a few pizza restaurants local to their place of business in the Chico, California area. Their product was the size of a traditional pizza crust, and it was packaged in a simple white pizza box promoted for sale alongside a pizza pan, as shown below:



11. In or around 2019, defendant CF Foods announced the upcoming launch of a second product, which it called "Cauliflower Flatbreads". They announced and displayed their product packaging for this upcoming product on their site as follows:

**PACKAGING UPDATE**

Online orders may receive this packaging as we work through remaining materials. We expect to be fully transitioned to our new packaging by early fall.



12.  The defendant's announcement of this new product label caught the attention of Outer Aisle, because it used a trademark similar to Outer Aisle's "FRESH AND SIMPLE" trademark, erroneously stated that it was the "Original", and prominently displayed a stylized "3g" in a font, size and layout similar to Outer Aisle's label.  Outer Aisle also discovered around this time that CF Foods was engaging in advertising campaigns modeled after Outer Aisle's advertising campaigns.  For example:



13.  Through its counsel, Outer Aisle has sent letters to Defendant CF Foods demanding they cease developing and promoting similar product labels and advertising campaigns.

14.  Irrespective of the plaintiff's requests, Defendant continued and continues developing and promoting similar product labels and advertising campaigns for the purpose of benefiting from and trading off Outer Aisle's pre-established consumer recognition, fame, goodwill, and reputation.

15.  In or around May 2020, defendant CF Foods launched new product labels and advertising that demonstrate undisputed trade dress, trademark, and copyright infringement, necessitating the instant lawsuit. CF Foods now has virtually the same design, features, shape, colors, and configuration as Outer Aisle's products. The similarity between essential features of both party's designs is obvious, as evidenced by one, of many, examples shown below, and therefore this court must enjoin the defendant from offering such egregious competing trade dress meant to cause consumer confusion:



16.  Defendant CF Foods is selling inferior but competing cauliflower products with packaging and advertising that intentionally imitates Outer Aisle's well-known label, protected trade dress, and other intellectual property rights, for the sole purpose of benefiting from and trading off Outer Aisle's pre-established consumer recognition, fame, goodwill, and reputation.  The defendant has a total disregard of the harm it caused and causes to Outer Aisle.

17.  Despite notice, the defendant continues to publish content and sell and promote products that violate Outer Aisle's exclusive intellectual property rights. Defendant unfairly and unlawfully competes in the marketplace by trading off the hard-earned reputation and goodwill of Outer Aisle by copying Outer Aisle's products, packaging, trade dress, marks, and advertising campaigns.

18. CF Foods' products are likely to cause consumers, the public and the trade to erroneously believe the goods they sell emanate or originate from Outer Aisle, or that Outer Aisle authorized, sponsored, or approved the goods.

19. This confusion causes irreparable harm to Outer Aisle and weakens the distinctive quality of Outer Aisle's brand and products. Defendant engages in trade dress infringement, federal copyright infringement, federal unfair competition, unlawful California business practices, and federal trademark infringement, by imitating and copying the Plaintiff's website, products, product names, advertising, packaging, and other unique designs, layout, color schemes, and wording that make up the distinctive total image and appearance of Outer Aisle, and the plaintiff seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, and other relief authorized under federal and state law.

## FIRST CLAIM FOR RELIEF

## TRADE DRESS INFRINGEMENT

20. Plaintiff incorporates by reference the other allegations set forth elsewhere in this Complaint.

21. Since its start in 2013, Outer Aisle Gourmet has grown to become a massive food provider exploding in popularity among health-conscious consumers. Outer Aisle and its product have been featured in news outlets across the country such as CNN, Huffington Post, Women's Health and many more. Outer Aisle was also recently ranked the #1 fastest growing food company in the U.S. by Inc. Magazine.

22. Outer Aisle sells its products via its website, brick and mortar stores, natural foods and gourmet grocery chains, traditional grocery chains, and various online retailers like Amazon.com.

23. Outer Aisle maintains a robust social media presence with a heavy following. Outer Aisle invests substantial resources to develop and create animated advertising campaigns on Instagram and other social media sites, which are viewed by its customers, fans, and potential consumers.

24. Outer Aisle's success as a leader in the health food space is due not only to its innovative products, but its distinctive packaging and advertising campaigns that utilize its unique trade dress and copyrights. In connection with its cauliflower product line, Outer Aisle has developed a trade dress which is essential to its business and to customers' identification of Outer Aisle as the source of the products ("Outer Aisle Trade Dress"). The Outer Aisle Trade Dress is inherently distinctive or has acquired distinctiveness such that consumers recognize it as a source identifier and not mere ornamentation.

25. Plaintiff's goods are advertised, sold, and packaged with the distinctive Outer Aisle Trade Dress, which consists of a combination of individual features, including, but not limited to, a unique and arbitrary color combination, creative use of lines and shapes, a signature semi-circle transparent product window, photorealistic cauliflower drawings, stylized font, and an arbitrary layout that have become popularized and identified in consumers' minds with Outer Aisle's products.

26. Through substantial investment, promotional and advertising efforts, the overall appearance of Outer Aisle's cauliflower food products has become widely known and recognized, and the trade dress of its niche product line has acquired secondary meaning. Outer Aisle's cauliflower food products, which all use the same distinctive trade dress, is distinctive because it is associated with Outer Aisle's brand, which has gained significant recognition, goodwill, and accolades in the gourmet grocery and health foods industry.

27. In or around the last twelve (12) months, defendant CF Foods re-branded its packaging, labels, trademarks, website, and advertising, to willfully imitate and copy Outer Aisle, including copying the Outer Aisle Trade Dress.

28. CF Foods makes pre-packaged cauliflower products that attempt to appeal to, and are directed to, the same class of consumers of that of Outer Aisle, and they are displayed at the retail level located physically near each other.

29. The defendant's product packaging, website, and advertising campaigns are centered around colors, names, phrases, configurations, layouts, images and ideas that are similar to the Outer Aisle Trade Dress and to the manner in which the Outer Aisle Trade Dress has been used. The defendant intentionally copies the overall appearance and marketing approach used by Outer Aisle to confuse the public and the trade.

30. The defendants have caused and are likely to continue causing consumer confusion or mistake by falsely suggesting that their CF Foods' infringing products are connected with, sponsored by, affiliated with, approved by, or related to Outer Aisle with its infringement and use of the Outer Aisle Trade Dress.

31. CF Foods' sale of competing products under Outer Aisle's Trade Dress constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

32. Outer Aisle's Trade Dress consists of a unique and innovative "pouch" product configuration with a large product viewing window centered in the shape of a half-moon.  The Outer Aisle Trade Dress also utilizes bright colors displayed in several tones with color blocking techniques, a blue/green background, and accents of orange. Also, a thick, rectangular, linear, solid colored banner spreads across the top of the package (appearing in either solid yellow, salmon, or neutral white depending on the flavor). Centered in the front of the pouch is a large, cleverly designed, transparent window in the shape of a semi-circle that allows consumers to see the product inside. Stylized wording also in the shape of a semi-circle, appears above the transparent window. A white banner is centered below transparent window. In one corner of the pouch in bolded stylized font, appears "3g" to state the grams associated with net carbs per unit. In another corner of the packaging in bolded stylized font appears "2" as the serving of vegetables. The packaging also displays a portion of a photorealistic cauliflower head with two different sized green leaves poking out. The Outer Aisle Trade Dress consists of a unique and arbitrary color combination, scheme and layout, as well as an innovative "pouch" and "product viewing window" product configuration, creative use

of lines and shapes, photorealistic cauliflower drawings dominantly placed and contrasted with green leaves, stylized font, sizing and wording, and an arbitrary layout that has become identified in the relevant product market, to the exclusion of competitors, with Outer Aisle's products. Outer Aisle enjoys national recognition and goodwill in this trade dress.

33. Defendant CF Foods' intentionally copies Outer's Aisle's highly recognizable and distinctive trade dress to trade off Outer Aisle's goodwill, reputation, and to confuse and deceive the public about the source of products. Some side by side comparisons appear below:











34. At a minimum, Defendant substantially copied Outer Aisle's:

(1) Blue/green color scheme with orange accents.

(2) Color blocking techniques.

(3) Linear rectangular borders and shapes

(4) Unique and original "pouch" product configuration.

(5) Unique and original product configuration featuring a semi-circle product viewing window centered in the middle of the pouch.

(6) Location, size, design, stylization, display, and impression of banners.

(7) Location, size, font, design, stylization, display, and impression of text and wording.

(8) Location, size, font, design, stylization, display, and impression of curved text and wording.

(9) Location, size, font, color, design, stylization, display, and impression of border ribbons in the colors of salmon, yellow and white.

(10) Location, size, color, design, stylization, and display of the actual product appearing textured, in the shape of a half-circle, in tons of yellow, gold, orange, and brown.

(11) The use, font, display, location, stylization, and impression of "2g" and "3g".

(12) The prominent display, location, stylization, and impression of photorealistic cauliflowers contrasted with two bright green leaves protruding out.

35. Outer Aisle and Defendant's products would appeal to and are directed to the same class of consumers and are displayed at the retail level located near each other.

36. The defendant's sale of infringing products constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

37. CF Foods' infringing activities have caused, and unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Outer Aisle's business reputation and to the goodwill associated with Outer Aisle's trade dress, including but not limited to, diversion of customers, lost sales and lost profits. Plaintiff Outer Aisle has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT 17 U.S.C. § 501

38. Plaintiff Outer Aisle incorporates by reference the other allegations set forth elsewhere in this Complaint.

39. This court has subject matter jurisdiction under 28 U.S.C. 1338(a).

40. Plaintiff Outer Aisle owns a valid federal copyright for its original, distinctive, unique, creative, and artistic product packaging at Copyright Registration VA 2-211-399, a copy of which is attached as Exhibit 1 and incorporated by reference.

41. Outer Aisle's copyright is for its label and packaging design that include its unusual packaging configuration, artistic graphical choices, unique color blocking, an original semi-circle product viewing "window," cleverly placed and uniquely shaped banners, original photorealistic illustrations of cauliflowers, and intentionally and creatively arranged and sized frames, shapes, borders, font, color, designs, stylization, display, and impression that are original and create a unified original and creative work.

42. Defendant has committed copyright infringement by copying constituent elements of Outer Aisle's original protected work.

43. Defendant's infringement was willful, because it copied Outer Aisle's original work knowing that its conduct constitutes an act of infringement.

44. Slight differences in color or size and uncopyrightable wording/lettering is no defense to Defendant's infringing conduct.

45. Outer Aisle's original work was published in early 2019 on the Internet. At the time of Outer Aisle's publication of its original creative work, the designs and labels used by Defendant for its competing cauliflower food products did not resemble, copy, or look like the Outer Aisle's protected original work.

46. Approximately one (1) year after publication of Outer Aisle's protected copyright, Defendant CF Foods, without permission, intentionally and knowingly reproduced, counterfeited, copied, displayed, altered and manufactured Outer Aisle's protected work by offering, advertising, promoting, retailing, selling and distributing its cauliflower food products in product packaging and related promotional and advertising content copying the artwork and protected copyrightable material in Outer Aisle's original work. The defendant had access to Outer Aisle's copyright from the Internet.

47. Defendant CF Foods copied Outer Aisle's artwork protected under the copyright for its own commercial gain and placed it on its own labels, packaging, and

advertising to be confusingly similar to Plaintiff Outer Aisle's copyrighted artistic graphical choices, unique color blocking, original semi-circle product viewing "window," arbitrarily placed, stylized, sized and uniquely shaped banners, original photo-realistic illustrations of cauliflowers contrasted with jutting green leaves, and intentionally placed and differently sized frames, borders, texts and shapes that are original to Outer Aisle and protected under their federal copyright registration.

48. Plaintiff suffered damages. Because of Defendant's copyright infringement, they earned profits they otherwise would not have earned. The amount is unknown, but it is believed to exceed $250,000.

49. Plaintiff is also entitled to statutory damages under 17 U.S.C. § 504 of at least $30,000 per infringing work. Because defendants' infringement was willful, they are liable for statutory damages of $150,000 under 17 U.S.C. § 504(c)(2).

### THIRD CLAIM FOR RELIEF

### LANHAM ACT UNFAIR COMPETITION

50. Plaintiff incorporates by reference the other allegations set forth elsewhere in this Complaint as though set forth in this claim.

51. This Court has subject matter jurisdiction under 15 U.S.C § 1125 because this is a claim for relief for unfair competition under the federal Lanham Act.

52. Defendant's use of Plaintiff's trade dress, trademark, and copyright is an act of unfair competition under 15 U.S.C § 1125, because Defendant's conduct uses a "name, symbol, or device, or any combination thereof" and "false designation of origin" that is likely to cause confusion and to deceive the public about the affiliation, connection, or association of Defendant's product's with Plaintiff's products.

53. Defendant has progressively, and unfairly, encroached into Outer Aisle's market for cauliflower-based food products by using Outer Aisle's copyright, trademark, and trade dress, and by making its online marketplace and products confusingly similar to those of Outer Aisle.

54. Before unfairly competing with Outer Aisle through conduct mentioned in this Complaint, Defendant's product packaging and actual products differed greatly from what they are now, because they intend to unfairly compete with Outer Aisle, as demonstrated by the summary timeline below:



55. Defendant CF Foods is now selling product as a direct competitor to the Outer Aisle product line in packages and advertising intended to create the same commercial impression conveyed by the Outer Aisle packaging. Defendants are using the imposter trade dress across their entire product line to create the same general overall impression and the same "look and feel" of the Outer Aisle brand.

56. As a proximate and foreseeable result of Defendant's violations of the Lanham Act, Outer Aisle has been damaged in an amount presently unknown. Defendant may have also unjustly earned profits that but for their acts complained of here, they would not have earned. Outer Aisle is suffering and will continue to suffer irreparable harm for which Outer Aisle has no adequate remedy at law. Unless the court restrains Defendant from continuing these wrongful acts, the damage to Outer Aisle will increase.

### FOURTH CLAIM FOR RELIEF

### CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

57. Plaintiff incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though set forth in this claim.

58. Defendant has engaged in unfair competition under the Cal. Bus. & Prof. Code § 17200 by engaging in unlawful and unfair conduct, as described above and in this claim for relief. Defendant consciously redesigned its website, product-lines, product names, web pages, online content, advertising, social media, product packing, and labels to imitate and copy that of Outer Aisle's to create a likelihood of confusion in the health foods and gourmet grocery marketplace. Defendant's acts are calculated to blur the distinction between their company and products and Outer Aisle's well-known company and famed cauliflower-based food products.

59. In addition to all the unlawful acts alleged throughout this Complaint, the defendant purchases, bids, or registers search engine key words, AdWords, search terms or other identifying terms that include Plaintiff's business name and protected trademark "Outer Aisle" and variations thereof (including, but not limited to, any misspelled or deceptively similar terms) for use in any search engine, portal, sponsored advertising service, or other search or referral service in order to re-direct customers searching for Outer Aisle products to their own webpages. Defendant's purchase of Outer Aisle's trademarks causes harm to Outer Aisle because consumers will purchase the defendant's products under the mistaken belief that they purchased products emanating from Outer Aisle, and it increases the keyword purchase costs Outer Aisle incurs when purchasing its own marks as keywords.

60. Outer Aisle has been and will continue to suffer damages and irreparable harm because of Defendant's unfair competition unless defendants are enjoined from engaging in further such acts. As a proximate and foreseeable result of Defendant's violations of the California unfair competition law, Outer Aisle has been damaged in

an amount presently unknown. Defendant may have also unjustly earned profits that but for their acts complained of here, they would not have earned.

### FIFTH CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT

61. Outer Aisle hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this claim.

62. Since at least as early as June 5, 2018, Outer Aisle has been using the mark FRESH & SIMPLE™ continuously on its high quality cauliflower-based "sandwich thins" and cauliflower-based "pizza crust", throughout this district and California and outside the state in interstate commerce. Over the past several years, Outer Aisle has devoted substantial resources to promoting the goodwill of all its trademarks, including its FRESH & SIMPLE trademark. As a result, Outer Aisle has developed strong brand recognition in its FRESH & SIMPLE mark, and consumers associate this brand with Outer Aisle's gourmet grocery food products.

63. Outer Aisle developed strong brand recognition in its FRESH & SIMPLE mark because it was the first in its industry to develop products from actual fresh ingredients, as opposed to dried or frozen. The company's "OUTER AISLE" name was inspired by the fact it was the first to offer "fresh and simple" ingredients in the "outer aisles" of food stores in the refrigerated section near the other fresh foods.

64. Outer Aisle owns United States Trademark Application Serial No. 90155293 for the mark FRESH & SIMPLE in International Class 029 for "Vegetable-based snack foods; prepared meals consisting primarily of vegetables; vegetable souffles" and in International Class 030 for "Dough; Sandwiches; Tortillas; Bakery products; Bread bases; Bread mixes; Bread rolls; Crusty rolls; Flat bread; Gluten-free bread; Pie crusts; Sandwich wraps made of cauliflower; Snack cakes; Vegan pies". A copy of which is attached as Exhibit 2 and incorporated by reference.

65. Outer Aisle's mark is inherently distinctive or has acquired secondary meaning. After Outer Aisle's adoption and continuous use in commerce of its FRESH &

SIMPLE mark, the defendant willfully started using the following marks on its packaging: "SIMPLE FRESH INGREDIENTS" and "SIMPLE FRESH INGREDIENTS CALI'FLOUR FOODS", and it further unlawfully applied to register these marks in pending USPTO Application Serial No.'s 88870645 and 88870612, both of which were filed in International classes 029 and 030 (hereafter the "Infringing Marks"), the same classes of Outer Aisle's mark.

66. Defendant CF Foods unlawfully submitted verified declarations in support of its trademark applications for the Infringing Marks by stating: "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive", because the defendant had knowledge of Outer Aisle's senior rights.

67. Defendant CF Foods adopted and currently uses the Infringing Marks to offer goods that compete or overlap with the goods offered by Outer Aisle. The Infringing Marks are likely to lead to confusion in the marketplace and unlawfully trade off Plaintiff Outer Aisle's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff seeks injunctive relief, damages, treble damages, and its attorney's fees and costs and other relief authorized under federal and state law.

68. As a proximate result of the defendant's trademark infringement, Plaintiff Outer Aisle has been damaged in an amount to be proven at trial. Further, Plaintiff alleges on information and belief that, as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

69. Through the defendant's acts alleged in this complaint, Outer Aisle is suffering and will continue to suffer irreparable harm for which Outer Aisle has no adequate remedy at law. Unless the Court restrains the defendant from continuing these wrongful acts, the damage to Outer Aisle will increase.

**DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiff Outer Aisle requests the Court to issue judgment:

1.      For Plaintiff Outer Aisle and against the Defendant, on all claims for relief.

2.       Permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, assigns and all persons in active concert with or participation with it from:

   a.   Directly or indirectly engaging in any further trade dress infringement, copyright infringement, trademark infringement, and unfair competition against Outer Aisle.

   b.   Purchasing Outer Aisle's trademarks as keywords in online search advertising.

   c.   Engaging in conduct causing a likelihood of confusion to Outer Aisle's marketplace or that otherwise negatively affects Outer Aisle's marketplace.

3.      Awarding Outer Aisle damages in an amount to be proved but believed to be at least $250,000.

4.      Awarding Outer Aisle, the Defendant's unjustly earned profits in an amount to be proved but believed to be at least $250,000.

5.      Awarding Outer Aisle enhanced damages (up to treble damages) for Defendants' Lanham Trademark Act violations.

6.      Awarding Outer Aisle exemplary damages for Defendant's California unfair competition law violations.

7.      Requiring Defendant to deliver up to Outer Aisle's attorneys for destruction all products, literature, advertisements and other material bearing infringing Outer Aisle trade dress, copyrights, trademarks, and all other materials that have content similar to any content of Outer Aisle, create consumer confusion, or that otherwise negatively affect Outer Aisle's marketplace.

8.      Requiring Defendant, within 30 days after the service of any judgment, to file with this court and serve upon Outer Aisle's attorneys, a written report under oath setting forth how they have complied with the judgment.

9.      Ordering an accounting requiring Defendant to pay to Outer Aisle the profits Defendant received as compensation for their infringement of Outer Aisle's trade dress and trademark from defendant's initial use until judgment.

10.     Holding this case to be exceptional and awarding Outer Aisle its reasonable attorney fees under 15 U.S.C. § 1117.

11.     Awarding Outer Aisle its reasonable attorney fees under 17 U.S.C. § 505.

12.     Entering any other relief that the court deems proper.

September 17, 2020        /s/ Michael D. Harris
                         Michael D. Harris
                         SoCAL IP LAW GROUP LLP

                         Attorney for Plaintiff Outer Aisle Gourmet LLC


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

September 17, 2020        /s/ Michael D. Harris
                         Michael D. Harris
                         SoCAL IP LAW GROUP LLP

                         Attorney for Plaintiff Outer Aisle Gourmet LLC